STATE OF IOWA, Appellee, v. SIGFRID TRYBOM, Appellant.

**HOMICIDE:** Murder—Evidence—Sufficiency. Record held to support a conviction of murder in the second degree.

Headnote 1: 30 C. J. p. 314.

*Appeal from Montgomery District Court.*—T. C. WHITMORE, Judge.

DECEMBER 15, 1925.

THE defendant was convicted of murder in the second degree, and was sentenced for life to the state penitentiary at Fort Madison. From this judgment he has appealed.—*Affirmed.*

*Paul V. Wilson,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *Floyd E. Billings,* and *Paul W. Richards,* for appellee.

EVANS, J.—The case was before us on a former appeal. *State v. Trybom,* 195 Iowa 780. The substance of the evidence is fully set forth in the former opinion, and we will not repeat it here. The defendant was charged with, and convicted of, shooting his own brother on the afternoon of October 31, 1920. These two brothers were two bachelors, of 31 and 35, respectively, who lived together in a little three-room house across the road from the residence of their parents. Each of them occupied a separate room therein. The shooting occurred in the room occupied by this defendant. Two companions were visiting at the house, and had been there for most of the day, up to the time of the shooting, which occurred about two o'clock

in the afternoon. The defendant himself, however, had spent most of the day in his own room, and was in his room, engaged in cleaning and preparing his gun, when his brother entered the room. Immediately thereafter, the explosion of a gun was heard by the visitors, who immediately rushed into the room and found the brother lying upon the floor, mortally wounded from a gunshot wound. The defense interposed was that the shooting was accidental; that the brother came upon the defendant from behind, without warning, and suddenly jerked the gun away from him; that the gun was thereby accidentally discharged into the body of the deceased. The record discloses no apparent motive for the killing. The claim of accidental shooting would be very persuasive, if it had been made promptly. The arresting officers, as witnesses for the State, testified that, at the time of his arrest, the defendant asserted that he had to shoot his brother, to save himself; that his brother had frequently abused him, and given him black eyes; and that he would shoot him again, under the same circumstances. This evidence was denied by the defendant and by other witnesses who are alleged to have been present. If credence be given to these denials, then the defendant is left in the position of having made no explanation at all. According to the testimony in his behalf, he left the house immediately after the shooting, and went to the house of his parents across the road, making no explanation whatever of the tragic event. The deceased lived for about twenty minutes after the shooting. The defendant rendered no assistance in the care of him. It does appear from the evidence that the brothers and their visitors had been drinking quite freely of a beverage of their own preparation, which included Jamaica ginger as a part of the concoction. There had been some "cussing" between the brothers in a debate on the subject of boxing. But even this was a comparatively insignificant circumstance. The most credible explanation of the tragedy is that it was the result of a drunken brawl, and that it would probably not have occurred except for the influence of intoxicants upon the perpetrator.

On the former appeal, we reversed the judgment for want of a proper instruction on the issue of accidental killing. A second trial was had, and a like verdict was rendered as before.

The case is now submitted to us upon the twofold contention on behalf of the defendant:

(1) That the evidence is insufficient to sustain the conviction.

(2) That the punishment was excessive.

Neither contention can be sustained. The record, with its evidence virtually undisputed, answers the first contention. The statute answers the second. A graver crime than the intentional slaying of a brother is seldom committed.

The judgment of conviction and the sentence are, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.